### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ERICA RUSSELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO.  CIV-11-0816-HE |
| | ) | |
| SHELTER INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Plaintiff Erica Russell filed this action in state court against her insurer, Shelter Insurance Company ("Shelter"), asserting breach of contract and bad faith claims.  Plaintiff alleges she sustained property damage on May 16, 2010, as the result of hail and wind storms, and that Shelter unreasonably failed to pay her the benefits owed under the policy. Shelter removed the action on the basis of diversity of citizenship.  Plaintiff has filed a motion to remand, contending that the court lacks subject matter jurisdiction because neither the amended petition nor the notice of removal establish that the amount in controversy exceeds $75,000.[1]

Subject matter jurisdiction under 28 U.S.C. §1332(a) requires, in addition to diversity of citizenship, an appropriate showing that the amount in controversy exceeds "$75,000, exclusive of interest and costs."  The amount in controversy is ordinarily determined by the allegations of the complaint (petition) or, if they are not dispositive, by the allegations in the

---

[1]*Plaintiff states in her motion to remand that she filed a first amended petition in state court on July 18, 2011.  Shelter removed the case the next day, but attached the original petition to its Notice of Removal, rather than the amended petition.  That pleading is attached as Exhibit 2 to defendant's response to plaintiff's motion to remand.*

notice of removal. Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995). In the latter circumstance, the "burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000].'" *Id*. at 873 (quoting Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992)). This burden is met when the defendant affirmatively establishes jurisdictional facts that make it possible that more than $75,000 is in play. McPhail v. Deere & Co., 529 F.3d 947, 955 (10th Cir. 2008).

Plaintiff asserts that the First Amended Petition does not establish that the amount in controversy exceeds $75,000 as the only specific sum referenced is her claim for $14,293.08 in policy benefits. She contends the notice of removal similarly fails to demonstrate that her claims exceed the jurisdictional minimum. She acknowledges defendant states in the notice of removal that "Plaintiff's counsel has confirmed that while the Petition does not specify the total amount of damages in controversy, counsel for Plaintiff has represented that Plaintiff seeks damages in excess of $75,000." Notice of Removal, pp. 1-2. That unsubstantiated assertion is not sufficient, plaintiff argues, to establish that plaintiff's claims satisfy the jurisdictional amount requirement.

Defendant responds that in her initial petition plaintiff sought damages in excess of $10,000. She later filed an amended petition that specified she was seeking policy benefits in the amount of $14,293.08, plus damages for mental anguish, exemplary damages "in an amount to be determined by a jury but not in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code," and attorney's

fees. As defendant notes, neither of plaintiff's petitions complied with Oklahoma's pleading code, which requires a party to include in her plea for relief a statement as to whether more or less than the federal jurisdictional limit is sought.[2] 12 Okla. Stat. §2008(A)(2). Defendant asserts that the ambiguity was not clarified by plaintiff's counsel, who refused to stipulate to the amount of damages sought. The statement in the notice of removal that plaintiff's damages satisfy the jurisdictional amount requirement was based, defendant states, "upon communications between counsel that Plaintiff would not stipulate that her damages were less than $75,000.00, and the allegations set forth in the Amended Petition." Defendant's response, p. 4.

Defendant correctly asserts that a defendant can rely on correspondence and communications between counsel to meet its burden in establishing the amount in controversy. However, none were attached to the notice of removal.

In McPhail the Tenth Circuit discussed several different ways a defendant may show how much is in controversy. "First, the defendant may rely on an estimate of the potential damages from the allegations in the complaint. . . . Second, beyond the complaint itself, other documentation can provide the basis for determining the amount in controversy – either interrogatories obtained in state court before removal was filed, or affidavits or other evidence submitted in federal court afterward. . . . Furthermore, a plaintiff's proposed

---

[2]*In her amended petition plaintiff stated that her exemplary damages would not exceed $75,000, but she did not state that the total amount of relief she was seeking would not satisfy the federal jurisdiction amount requirement.*

settlement amount 'is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.' McPhail, 529 F.3d at 955-56 (quoting Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002)).

Here, the petition "on its face [was not] sufficient by itself to support removal," *id.* at 957, and no other documentation was provided with the notice of removal.[3] Unlike McPhail, correspondence between counsel that demonstrated that plaintiff's attorney believed the amount in controversy could be in excess of $75,000, was not "incorporated in the notice of removal." *Id*. A representation in a brief is not "evidence" that the court can consider. While the court does not condone the cat and mouse game being played by plaintiff's counsel, it cannot exercise jurisdiction when defendant has failed to provide the facts required to establish that more than $75,000 is in controversy.

Plaintiff's motion to remand [Doc. #13] is **GRANTED**. The case is **REMANDED** to the District Court of Oklahoma County.

**IT IS SO ORDERED**.

Dated this 23rd day of November, 2011.

  _____
  JOE HEATON
  UNITED STATES DISTRICT JUDGE

---

[3]*While a different conclusion might have been reached if the amended petition or other documents had been attached to the notice of removal, that did not occur.*